DAVID M. WALSH (CA SBN 120761)
DWalsh@mofo.com
KAI S. BARTOLOMEO (CA SBN 264033)
KBartolomeo@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADRIENNE MOORE, On Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No.    5:14-cv-02269 LHK <br><br> **CLASS ACTION** <br><br> **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:      November 13, 2014 <br> Time:      1:30 p.m. <br> Place:     Courtroom 8 - 4th Floor <br> Judge:     Hon. Lucy H. Koh <br><br> Complaint Filed:  May 15, 2014 <br> Trial Date:  None Set |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 13, 2014, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Lucy H. Koh in Courtroom 8, located at the Robert F. Peckman Federal Building, 280 South First Street, Fifth Floor, San Jose, California, Defendant Apple Inc. ("Apple") will and hereby does move to dismiss all of Plaintiff Adrienne Moore's ("Plaintiff") claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for failure to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all other pleadings and papers on file herein, and such other argument and evidence as may be presented to the Court.

Dated: July 24, 2014

DAVID M. WALSH
TIFFANY CHEUNG
KAI S. BARTOLOMEO
MORRISON & FOERSTER LLP

By: /s/ David M. Walsh
DAVID M. WALSH

Attorneys for Defendant
APPLE INC.

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ........................................................... 1

ISSUES TO BE DECIDED ............................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 2

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ............................................... 2

II.    FACTUAL BACKGROUND ....................................................................................... 4

       A.     What Is iMessage? ........................................................................................... 4

       B.     Plaintiff's Allegations ...................................................................................... 5

III.   LEGAL STANDARD .................................................................................................. 5

IV.    PLAINTIFF SUFFERED NO INJURY-IN-FACT SO SHE CANNOT BRING
       THESE CLAIMS ........................................................................................................ 6

       A.     iMessaging Played No Part in Plaintiff's Decision to Purchase Her iPhone ......... 7

       B.     Plaintiff Did Not Lose the "Full Benefit" of Her Wireless Contract as a
              Result of the Alleged Conduct ........................................................................ 8

V.     PLAINTIFF CANNOT ALLEGE VIABLE CLAIMS UNDER CALIFORNIA'S
       CONSUMER PROTECTION STATUTES .................................................................. 9

       A.     Plaintiff Does Not Satisfy Rule 9(b)'s Heightened Pleading Requirements ........... 9

              1.     UCL and CLRA Claims Sounding in Fraud Are Subject to
                     Rule 9(b)............................................................................................. 9

              2.     Plaintiff Does Not Allege Any Actionable Misrepresentations ................ 10

              3.     Plaintiff Does Not Allege Any Actionable Omission ............................ 10

                     a.     No Representation in Need of Correction .................................... 11

                     b.     No Obligation to Disclose ........................................................ 11

              4.     Plaintiff Does Not Allege Reliance ...................................................... 12

                     a.     Plaintiff Cannot Have Relied on an Unidentified,
                            Theoretical Misrepresentation That Could Have Only Been
                            Made after She Purchased Her iPhone ....................................... 12

                     b.     Conclusory Allegations of Reliance Are Insufficient .................. 13

       B.     Plaintiff Does Not Otherwise State a Claim under California's Unfair
              Competition Law ........................................................................................... 13

**TABLE OF CONTENTS**
(continued)

Page

1. Plaintiff Does Not Allege a Predicate "Unlawful" Act............................. 13

2. Plaintiff Has Not Pled Any "Unfair" Acts under the UCL ...................... 14

C. Plaintiff Cannot State a Claim under California's Consumers Legal Remedies Act ......................................................................................... 15

1. Because iOS 5, Messages, and iMessage Were Free, There Was Necessarily No "Sale or Lease" ................................................. 15

2. Plaintiff Does Not Allege a Misrepresentation "At or Before Time of Sale"........................................................................................... 16

3. The CLRA Does Not Apply to Software .................................................. 16

VI. PLAINTIFF'S TORTIOUS INTERFERENCE WITH CONTRACT CLAIM SHOULD BE DISMISSED ............................................................................. 17

VII. CONCLUSION............................................................................................... 19

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

C ASES

4

*Annunziato v. eMachines, Inc.*,
5
    402 F. Supp. 2d 1133 (C.D. Cal. 2005)...................................................................... 10

6
*Aron v. U-Haul Co. of Cal.*,
    143 Cal. App. 4th 796 (2006)................................................................................. 7

7
*Ashcroft v. Iqbal*,
8
    556 U.S. 662 (2009) ............................................................................................. 6

9
*Baba v. Hewlett-Packard Co.*,
    No. C 09-05946 RS, 2011 WL 2486353 (N.D. Cal. June 16, 2011) ..................................... 12
10

11
*Baba v. Hewlett-Packard Co.*,
    No. C 09-05946 RS, 2011 WL 317650 (N.D. Cal. Jan. 28, 2011) ......................................... 16

12
*Baltazar v. Apple, Inc.*,
13
    No. CV-10-3231-JF, 2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ................................. 10, 13

14
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................. 6
15

16
*Berry v. Am. Exp. Publ'g, Inc.*,
    147 Cal. App. 4th 224 (2007)............................................................................. 15, 17

17
*Birdsong v. Apple Inc.*,
18
    590 F.3d 955 (9th Cir. 2009)................................................................................. 7

19
*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ..................................................................................... 13, 14
20

21
*Consumer Advocates v. Echostar Satellite Corp.*,
    113 Cal. App. 4th 1351 (2003)............................................................................. 10

22
*Daugherty v. Am. Honda Motor Co. Inc.*,
23
    144 Cal. App. 4th 824 (2006)............................................................................. 11, 14

24
*Drum v. San Fernando Valley Bar Ass'n*,
    182 Cal. App. 4th 247 (2010)............................................................................. 15
25

26
*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 (2010)........................................................................... 7, 12

27
*Ebeid ex rel. U.S. v. Lungwitz*,
28
    616 F.3d 993 (9th Cir. 2010)................................................................................. 10

A PPLE'S M OTION TO D ISMISS ; M EMORANDUM OF P OINTS AND A UTHORITIES IN S UPPORT T HEREOF
C ASE N O . 5:14-CV-02269 LHK
la-1256512

iii

*Farmers Ins. Exch. v. Superior Court*,
   2 Cal. 4th 377 (1992) ................................................................................................ 14

*Ferrington v. McAfee, Inc.*,
   No. 10-CV-01455-LHK 2010 WL 3910169 (N.D. Cal. Oct. 5, 2010) .................................. 17

*Freeman v. Wal-Mart Stores, Inc.*,
   111 Cal. App. 4th 660 (2003).......................................................................................... 16

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) ......................................................................................................... 6

*Gonzalez v. Drew Indus., Inc.*,
   No. CV 06-08233 DDP, 2010 WL 3894791 (C.D. Cal. Sept. 30, 2010)................................ 7

*Hensley-Maclean v. Safeway, Inc.*,
   No. CV 11-01230 RS, 2014 WL 1364906 (N.D. Cal. Apr. 7, 2014)..................................... 12

*Herrington v. Johnson & Johnson Consumer Cos. Inc.*,
   No. C 09-1597 CW, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) .................................. 9, 13

*Herskowitz v. Apple Inc.*,
   940 F. Supp. 2d 1131 (N.D. Cal. 2013) ........................................................................ 14, 15

*Hodges v. Apple Inc.*,
   No. 13-CV-01128-WHO, 2013 WL 4393545 (N.D. Cal. Aug. 12, 2013)............................ 14

*Hovsepian v. Apple, Inc.*,
   No. 08-5788 JF (PVT), 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009).................................. 9

*Image Online Design, Inc. v. Internet Corp. for Assigned Names &*
   *Numbers*, No. CV 12-08968 DDP (JCX), 2013 WL 489899 (C.D. Cal. Feb. 7, 2013).......... 18

*In re Actimmune Mktg. Litig.*,
   No. C 08-02376 MHP, 2010 U.S. Dist. LEXIS 90480 (N.D. Cal. Aug. 31, 2010), *aff'd*,
   464 F. App'x 651 (9th Cir. 2011) ...................................................................................... 6

*In re Facebook PPC Adver. Litig.*,
   No. 5:09-3043-JF, 2010 WL 3341062 (N.D. Cal. Aug. 25, 2010) ...................................... 11

*In re iPhone 4S Consumer Litig.*,
   No. C 12-1127 CW, 2013 WL 3829653 (N.D. Cal. July 23, 2013)...................................... 13

*In re iPhone Application Litig.*,
   No. 11-MD-002250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)........................... 17

*In re iPhone Application Litig.*,
   No. 11-MD-02250-LHK, 2013 U.S. Dist. LEXIS 169220 (N.D. Cal. Nov. 25, 2013) ........... 7

iv

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    903 F. Supp. 2d 942 (S.D. Cal. 2012) ................................................................... 7, 9

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
    758 F. Supp. 2d 1077 (S.D. Cal. 2010) ................................................................... 10

*Indep. Cellular Tel., Inc. v. Daniels & Assocs.*,
    863 F. Supp. 1109 (N.D. Cal. 1994) ....................................................................... 14

*Jewelry 47, Inc. v. Biegler*,
    No. 2:08-CV-00174-MCE-KJM, 2008 WL 4642903 (E.D. Cal. Oct. 16, 2008) ................... 18

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ....................................................................... 9, 10, 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ............................................................................................... 6

*Kowalsky v. Hewlett-Packard Co.*,
    771 F. Supp. 2d 1138 (N.D. Cal. 2010), *vacated in part on other grounds by* 771
    F.Supp.2d 1156 (N.D.Cal.2011) ........................................................................... 16

*Kwikset Corp. v. Super. Ct.*,
    51 Cal. 4th 310 (2011) ......................................................................................... 12

*Laster v. T-Mobile USA, Inc.*,
    407 F. Supp. 2d 1181 (S.D. Cal. 2005) ................................................................... 12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................... 6

*Meyer v. Sprint Spectrum L.P.*,
    45 Cal. 4th 634 (2009) ...................................................................................... 7, 12

*name.space, Inc. v. Internet Corp. for Assigned Names &*
    *Numbers*, No. CV 12-8676 PA, 2013 WL 2151478 (C.D. Cal. Mar. 4, 2013) ................... 19

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008) ................................................................... 10

*People v. McKale*,
    25 Cal. 3d 626 (1979) ......................................................................................... 13

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*,
    946 F. Supp. 2d 957 (N.D. Cal. 2013) ................................................................... 17

*Pirozzi v. Apple Inc.*,
    913 F. Supp. 2d 840 (N.D. Cal. 2012) ..................................................................... 8

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-CV-02269 LHK
la-1256512

v

*Quelimane Co. v. Stewart Title Guaranty Co.*,
   19 Cal. 4th 26 (1998) ........................................................................................... 17

*Rubio v. Capital One Bank*,
   613 F.3d 1195 (9th Cir. 2010).................................................................................. 7

*Schauer v. Mandarin Gems of Cal., Inc.*,
   125 Cal. App. 4th 949 (2005).................................................................................. 15

*Trindade v. Reach Media Grp., LLC*,
   No. 12-CV-4759-PSG, 2013 WL 3977034 (N.D. Cal. July 31, 2013) .................. 18

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000)................................................................................. 6

*Williamson v. Reinalt-Thomas Corp.*,
   No. 5:11-CV-03548-LHK, 2012 WL 1438812 (N.D. Cal. Apr. 25, 2012)............... 8

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012)................................................................................. 11

*Wofford v. Apple Inc.*,
   No. 11-CV-0034 ABJ NLA, 2011 WL 5445054 (S.D. Cal. Nov. 9, 2011)............... 15, 16, 17

*Wolfe v. Strankman*,
   392 F.3d 358 (9th Cir. 2004).................................................................................. 6

*Wynn v. NBC*,
   234 F. Supp. 2d 1067 (C.D. Cal. 2002)................................................................... 18

**STATUTES**

Cal. Bus. & Prof. Code
   § 17200............................................................................................................... 13

Cal. Civ. Code
   § 1770(a) ............................................................................................................. 16

**OTHER AUTHORITIES**

Fed. R. Civ. P.
   9(b) ...................................................................................................................... 1, 9, 13
   12(b)(1) ................................................................................................................ 5, 6
   12(b)(6) ................................................................................................................ 4, 6, 19

U.S. Const. art. III ........................................................................................................ passim

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-cv-02269 LHK
la-1256512

vi

### ISSUES TO BE DECIDED

1. Does Plaintiff's Complaint demonstrate the injury and causation required to establish standing under Article III of the U.S. Constitution and/or California's consumer protection statutes?

2. Has Plaintiff stated a claim based on allegedly fraudulent conduct when she cannot allege, as required by Rule 9(b), any misrepresentation or actionable omission by Apple or her justifiable reliance on any misrepresentation or omission?

3. Has Plaintiff stated a claim under California's Consumers Legal Remedies Act ("CLRA") when her claim does not involve the "sale or lease" of a "good" or "service" under the CLRA?

4. Has Plaintiff stated a claim under the Unfair Competition Law ("UCL") when she cannot allege that Apple engaged in any "unlawful," "unfair," or deceptive business practice?

5. Has Plaintiff stated a claim for tortious interference with contract when she cannot allege that Apple had knowledge of any specific contract between Plaintiff and her wireless carrier and intentionally induced a breach of such contract, the actual breach of such contract, and any resulting damage?

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-cv-02269 LHK
la-1256512

1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

3   Apple has offered its customers a free alternative to conventional text messaging since

4   October 2011.  Apple's iMessage service allows Apple users to send text-based messages to one

5   another through Apple's secure, encrypted systems, rather than conventional, third-party

6   SMS/MMS[1] architecture.  Apple does not charge its users to send messages through Apple's

7   internal systems.  Apple provides this benefit so users can exchange messages without incurring

8   any text messaging charges from their wireless carriers.  iMessaging requires Apple's proprietary

9   "Messages" application and iOS/OS operating software.  As such, this free benefit can be

10  provided only to Apple users; iMessaging does not work with other manufacturers' devices.

11  Plaintiff Adrienne Moore used an Apple iPhone 4 for several years before she filed this

12  lawsuit.  She purchased her iPhone 4 in March 2011.  Seven months later, Apple offered for

13  download a free operating system software update called iOS 5.  Included in iOS 5 was a *new*

14  service — iMessaging.  Plaintiff downloaded iOS 5 and began using Apple's free iMessage

15  service.  About three years later, in April 2014, Plaintiff switched her telephone number to a non-

16  Apple, non-iMessageable device and stopped using her iPhone.  Soon after switching, Plaintiff

17  claims she stopped receiving text messages sent to her telephone number — now associated with

18  her new, non-Apple phone — by some current iMessage users.  Plaintiff filed this lawsuit because

19  she allegedly did not receive those messages.

20  Notably, Plaintiff did not tell Apple that she was no longer using her iPhone, or that she

21  had switched her telephone number over to a non-Apple phone.  (*See* Compl. ¶ 27, Ex. 2 at 2.)

22  Nevertheless, Plaintiff now wants to pursue this action against Apple because Apple did not

23  automatically "recognize" that Plaintiff's telephone number was "no longer using an Apple

24  device and hence is no longer using iMessage or Messages."  (*Id.* ¶ 14.)  In fact, Apple *never*

25  claimed that iMessage or its companion application, Messages, would automatically recognize a

26

---

[1] SMS (Short Message Service) and MMS (Multimedia Messaging Service) refer to text and

27  multimedia ("messages containing image, video, and sound content") messages "sent between the
    texter and the recipient through a cellular network."  (Compl. ¶¶ 7-8.)

28

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-cv-02269 LHK
la-1256512

2

1  user's transition to a new device.

2       Apple takes customer satisfaction extremely seriously, but the law does not provide a

3  remedy when, as here, technology simply does not function as Plaintiff subjectively believes it

4  should.  Apple asks the Court to dismiss Plaintiff's case because:

5  - ***Plaintiff Lacks Standing***:  Plaintiff does not have standing under Article III of the

6     U.S. Constitution or California's consumer protection laws.  She lacks the necessary

7     "injury-in-fact" because she does not, and cannot, point to a single misrepresentation

8     or omission regarding iMessage that *caused* her to buy, or overpay for, her iPhone 4.

9     In fact, Plaintiff bought her iPhone long before iMessage was released to the market.

10    Plaintiff's other injury theory also fails:  Plaintiff cannot assert Apple deprived her of

11    the "full benefit" of a contractual guarantee she never received from her wireless

12    carrier — essentially she is asserting that her carrier warranted that she would receive

13    every text-based message sent to her, even if sent through Apple's closed-loop

14    proprietary text messaging system.

15 - ***Plaintiff Was Not Misled by Apple***:  Each of Plaintiff's consumer protection statute

16    claims is based on her assertion that Apple misled her into purchasing her iPhone 4.

17    But, Plaintiff does not identify a single misrepresentation upon which she allegedly

18    relied.  Nor can she.  As noted above, Plaintiff's own allegations make clear that she

19    purchased her iPhone 4 *before* the iOS 5 software update and iMessage were first

20    released for download.  Apple could not have made any misstatements or omissions

21    regarding iMessaging before Plaintiff purchased her iPhone because iMessaging *did*

22    *not exist* in the marketplace when Plaintiff bought her iPhone.

23 - ***Plaintiff's Consumer Protection Claims Are Otherwise Deficient***:  Plaintiff's

24    allegations are inadequate under both the unlawful and unfair prongs of the UCL.  The

25    unlawful prong of the UCL requires a predicate *unlawful* act.  Plaintiff has alleged no

26    such unlawful act.  Likewise, Plaintiff has alleged no conduct that could be deemed an

27    "unfair" act or practice under the UCL.  Plaintiff's CLRA claim is defective because

28    Plaintiff must, but did not, allege a predicate "sale or lease" as defined in the CLRA.

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-cv-02269 LHK
la-1256512

3

1    Nor does she identify a single alleged misrepresentation that she relied upon when she

2    bought her iPhone.  Finally, because iMessaging is part of a software system, Plaintiff

3    cannot make a CLRA claim.  Software is neither a good nor a service under the CLRA

4    and cannot be the basis of a CLRA claim.

5    • ***Apple Did Not Interfere with Her Wireless Contract***:  Plaintiff contends that Apple

6    somehow interfered with Plaintiff's apparently guaranteed right to receive text

7    messages under her wireless contract.  This claim is a "non-starter" because Plaintiff

8    has not identified the contract or the specific provision that provides for this purported

9    guaranteed right to receive texts.  Nor does Plaintiff allege any intentional actions by

10   Apple to induce Plaintiff's wireless carrier to breach its contract with Plaintiff.

11   These deficiencies cannot be cured through amendment.  Apple respectfully requests that

12   the Court dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6).

13   **II.      FACTUAL BACKGROUND**

14   **A.      What Is iMessage?**

15   iMessage is a free, proprietary service that allows users of Apple devices, like the iPhone

16   and iPad, to send text-based messages to other Apple users.  (*See* Compl. ¶ 11.)  iMessage and its

17   client application, "Messages," provide Apple users a free alternative to conventional SMS text

18   messages that are transmitted through a cellular network.  (*Id.* ¶ 8.)  While wireless carriers

19   normally charge a fee for sending an SMS text message, text messages sent through iMessage do

20   not incur an SMS charge.  (*Id.* ¶ 12.)  Apple first introduced iMessage as a part of its iOS 5

21   software update, which was released in October 2011.  (*Id.* ¶ 11.)  Users can elect to turn

22   iMessage on or off as they please.  (*See id.* ¶ 19.)

23   According to Plaintiff, "once an iPhone or iPad user switches their wireless telephone

24   number to a non-Apple device," that user "is unable to receive text messages sent to her by users

25   of Apple devices that employ iMessage and Messages."  (*Id.* ¶ 13.)  Plaintiff claims that this

26   occurs because "the Apple Message[s] application does not recognize that the same telephone

27   number of the former Apple device user . . . is no longer using an Apple device and hence is no

28   longer using iMessage or Messages."  (*Id.* ¶ 14.)  However, Plaintiff admits that Apple instructs

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-cv-02269 LHK
la-1256512

4

users to "turn off iMessage if [they] plan to transfer [their] SIM card or phone number from an iPhone to a device that doesn't support iMessage." (*Id*., Ex. 2 at 2.)  Apple affirmatively advises its iMessage users that if users do not disable iMessage in advance of the transfer, "other iOS devices might continue to try to send you messages using iMessage, instead of using SMS or MMS, for up to 45 days." (*Id.* ¶ 27, Ex. 2 at 2 (emphasis omitted).)

### B. Plaintiff's Allegations

Plaintiff owned an iPhone 4 "[f]or years pre-dating the filing of this action." (*Id.* ¶ 5.)  After she purchased this iPhone 4, she installed a new version of Apple's mobile operating software, iOS 5, which enabled her to send iMessages and use the Messages application. (*Id.* ¶¶ 5-6.)  Plaintiff does not identify any advertisement or marketing materials that she saw, or was exposed to, that caused her to purchase the iPhone 4.  She does not identify any pre-purchase or pre-installation representations that addressed what would happen to iMessaging if she moved to a non-Apple device.

On April 16, 2014, Plaintiff "decided to replace her Apple iPhone 4 device with a [non-Apple device]." (*Id.* ¶ 5.)  She did not tell Apple of her switch to the non-Apple phone.  Plaintiff claims that, after switching to her non-Apple phone, iMessage and the Messages application "acted so as not to deliver incoming text messages sent to her by Apple device users to her same cellular telephone number, [which] was now associated with a non-Apple device." (*Id.*)

Plaintiff claims that, as soon as she figured out she was not receiving messages from her old iMessaging contacts, she contacted her wireless carrier.  Her carrier instructed her to turn off iMessage on her iPhone 4 (the procedure that Apple recommended before switching to a non-Apple device). (*Id.* ¶ 19.)  Plaintiff did so and allegedly began receiving text messages from some iPhone users, but not others. (*Id.*)  Apple offered several other solutions to Plaintiff, but she claims that they were unacceptable. (*Id.*)

Plaintiff filed her Complaint against Apple on May 15, 2014 — less than thirty days after switching to her non-Apple phone.

### III. LEGAL STANDARD

A motion to dismiss based on Article III standing is properly raised under Rule 12(b)(1).

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-cv-02269 LHK
la-1256512

5

1    *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  The burden of proof on a Rule 12(b)(1)

2    motion to dismiss is on the party asserting jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*

3    *of Am.*, 511 U.S. 375, 377 (1994); *see also In re Actimmune Mktg. Litig.*, No. C 08-02376 MHP,

4    2010 U.S. Dist. LEXIS 90480, at *14 (N.D. Cal. Aug. 31, 2010), *aff'd*, 464 F. App'x 651 (9th

5    Cir. 2011).  "Rule 12(b)(1) jurisdictional attacks can be either facial or factual."  *White*, 227 F.3d

6    at 1242.  Where the challenge to jurisdiction is facial, the Court applies a standard similar to that

7    applied to a Rule 12(b)(6) motion.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

8           Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed for failure

9    to state a claim if the plaintiff either fails to state a cognizable legal theory or has not alleged

10   sufficient facts to support a cognizable legal theory.  *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl.*

11   *Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007).  A pleading that offers "labels and conclusions"

12   or "a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*,

13   556 U.S. 662, 678 (2009) (quotations and citation omitted).  The complaint must allege facts

14   which, when taken as true, raise more than a speculative right to relief.  *Twombly*, 550 U.S. at

15   555.

16   **IV.   PLAINTIFF SUFFERED NO INJURY-IN-FACT SO SHE CANNOT BRING
              THESE CLAIMS**

17

18          Plaintiff received iMessage as a free benefit when she was an Apple customer.  She now

19   seeks to transform that benefit into a cognizable injury.  However, the alleged injuries Plaintiff

20   claims to have suffered do not give her standing to assert her claims.

21          To meet the standing requirements of Article III, a plaintiff bears the burden of alleging

22   facts sufficient to show that (1) "[she] has suffered an 'injury in fact' that is (a) concrete and

23   particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly

24   traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely

25   speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc.*

26   *v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

27          In addition to the "irreducible constitutional minimum of standing" required under Article

28   III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), Plaintiff must satisfy the *specific*

1  standing requirements under California's consumer protection statutes.  To assert a UCL claim, a

2  private plaintiff needs to have "suffered injury in fact and . . . lost money or property as a result of

3  the unfair competition."  *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010); *see*

4  *also Birdsong v. Apple Inc.*, 590 F.3d 955, 960 (9th Cir. 2009) ("Plaintiffs must show . . . that

5  they suffered a ***distinct and palpable injury*** as a result of the alleged unlawful or unfair

6  conduct.") (emphasis added).  Similarly, to establish standing under the CLRA, a plaintiff "must

7  have 'suffer[ed] any damage as a result of the . . . practice declared to be unlawful.' "  *Aron v. U-*

8  *Haul Co. of Cal.*, 143 Cal. App. 4th 796, 802 (2006).  That is, the plaintiff must "allege a

9  '***tangible*** increased cost or burden to the consumer.' "  *In re Sony Gaming Networks & Customer*

10 *Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 965 (S.D. Cal. 2012) (emphasis added) (quoting

11 *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 643 (2009)).  Further, when a plaintiff's UCL and

12 CLRA claims are based on a misrepresentation theory, the "plaintiff must have actually relied on

13 the misrepresentation, and suffered economic injury as a result of that reliance, in order to have

14 standing to sue."  *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 U.S. Dist.

15 LEXIS 169220, at *26-28 (N.D. Cal. Nov. 25, 2013); *Durell v. Sharp Healthcare*, 183 Cal. App.

16 4th 1350, 1355, 1367 (2010).

17      **A.      iMessaging Played No Part in Plaintiff's Decision to Purchase Her
18               iPhone**

19          Plaintiff cannot satisfy the "injury-in-fact" requirement of Article III or the specific

20 standing requirements of California's consumer protection laws.  First, Plaintiff's bare assertion

21 that she "made a purchase she would not have made at all, or not on the terms that she did, as a

22 result of being unaware of the undisclosed" issues regarding iMessage (Compl. ¶ 50.) is both

23 legally insufficient and factually impossible.  "Conclusory allegations of decreased value,

24 unsupported by facts, cannot support standing."  *Gonzalez v. Drew Indus., Inc.*, No. CV 06-08233

25 DDP (JWJx), 2010 WL 3894791, at *3 (C.D. Cal. Sept. 30, 2010).  As detailed below, Plaintiff

26 does not identify any specific misrepresentation or misleading statement by Apple regarding

27 iMessage that she saw, heard, or relied on, or that was in any way material to her purchase of her

28 iPhone 4.  Plaintiff cannot claim that Apple's supposed misrepresentation or omission caused her

1   to buy, or to over-pay for, her iPhone 4 when there are no alleged *facts* showing that the

2   misrepresented/omitted information would have been material to her purchase.  Courts have

3   dismissed claims for lack of standing where plaintiff did not allege which alleged misstatements

4   were material to her purchase and, therefore, "has not suffered an injury-in-fact that is caused by

5   the complained of conduct."  *See, e.g., Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 847 (N.D. Cal.

6   2012); *see also Williamson v. Reinalt-Thomas Corp.*, No. 5:11-CV-03548-LHK, 2012 WL

7   1438812, at *8 (N.D. Cal. Apr. 25, 2012) ("These hypothetical allegations, however do not

8   establish that Plaintiff has properly pled that he actually relied on Defendants' alleged omission

9   of the tire disposal fee.  That Plaintiff *could have* purchased his tires from a competitor or *could*

10  *have* recycled the tires himself does not establish he *actually relied* on the alleged omission when

11  deciding where to purchase his tires." (emphasis in original)).

12        Further, Plaintiff's bare conclusory allegations could not be accurate.  Plaintiff cannot

13  have relied on any misrepresentation or omission concerning iMessage because iMessage did not

14  exist in the marketplace at the time Plaintiff purchased her iPhone.  As alleged in the Complaint,

15  Apple first released iOS 5, iMessage, and Messages on October 12, 2011.  (Compl. ¶ 6.)  Plaintiff

16  purchased her iPhone 4 before iOS 5 was released.  (*See id.* ¶¶ 5-6.)  In fact, Apple's business

17  records show that Plaintiff purchased her iPhone 4 in March 2011, *some seven months before*

18  *iMessage was released*.  (Decl. of Jeffrey Kohlman ¶ 2.)  Plaintiff cannot allege that she relied on

19  any misrepresentation or omission regarding iMessage because the technology was not available

20  at the time she made her purchase.

21        **B.    Plaintiff Did Not Lose the "Full Benefit" of Her Wireless Contract as a**
            **Result of the Alleged Conduct**

22

23        Second, Plaintiff claims she was "unable to receive the full benefit of her contractual

24  bargain with her wireless carrier," but this theory of injury-in-fact, "lost money or property," or

25  "tangible" injury also fails.  (Compl. ¶ 50.)  Plaintiff does not identify a guarantee or any other

26  contractual provision in which her wireless carrier obligated itself to ensure that she receive all

27  text messages transmitted by Apple iMessaging users to her non-iMessageable device.  Nor does

28

Plaintiff claim that she was misled into entering into and paying for her wireless contract because of Apple's alleged misrepresentations or omissions regarding iMessage.

## V.   PLAINTIFF CANNOT ALLEGE VIABLE CLAIMS UNDER CALIFORNIA'S CONSUMER PROTECTION STATUTES

### A.   Plaintiff Does Not Satisfy Rule 9(b)'s Heightened Pleading Requirements.

#### 1.   UCL and CLRA Claims Sounding in Fraud Are Subject to Rule 9(b)

If a plaintiff relies on allegedly fraudulent conduct as the basis for claims under the CLRA and UCL, those claims are "said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (internal citations omitted).  That is precisely the case here.

The gravamen of Plaintiff's consumer protection claims is that "Apple knew but never disclosed that its iMessage service and Message[s] application would prevent device owners from receiving text messages sent to them from other Apple users" and that Apple "touted" the superior attributes and enhanced benefits of iMessage and Messages "while omitting any mention of this serious consequence."  (Compl. ¶ 16.)  Because Plaintiff alleges fraudulent conduct in support of her UCL and CLRA claims, Plaintiff must meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b).  *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009) ("Because [plaintiff's] CLRA and UCL claims are predicated on allegedly fraudulent omissions by Apple, those claims are subject to the pleading requirements of Rule 9(b)."); *Herrington v. Johnson & Johnson Consumer Cos. Inc.*, No. C 09-1597 CW, 2010 WL 3448531, at *6 (N.D. Cal. Sept. 1, 2010) (holding that Rule 9(b) applied to plaintiffs' CLRA and UCL claims where "[t]he gravamen of their claims is that Defendants made affirmative misrepresentations or failed to disclose material facts about their children's bath products.").

Rule 9(b) requires Plaintiff to "state[] the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *In re Sony*

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-CV-02269 LHK
la-1256512

9

1   *Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d at 953 (internal

2   quotation marks and citation omitted); *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir.

3   2010) (plaintiff must allege "the who, what, when, where, and how of the misconduct charged").

4   Plaintiff must also plead facts explaining why the statement was false when it was made. *Id.*

5                       **2.**      **Plaintiff Does Not Allege Any Actionable Misrepresentations**

6           Plaintiff does not allege that she saw or heard ***any*** representations regarding iOS 5,

7   iMessage, or the Messages software.  While she claims that Apple "touted the superior attributes

8   and enhanced benefits of its iMessage[] and Message[s] service and application while omitting

9   any mention of this serious consequence," she does not allege when, where, or how this alleged

10  "touting" occurred; who made the alleged representations; when or how she was exposed to them;

11  or which ones she relied on and considered material to her purchase.  *See Kearns*, 567 F.3d at

12  1126 (upholding dismissal of complaint because plaintiff did not allege the specific

13  misrepresentations, who made them, when he was exposed to them, or which ones he relied on

14  and found material).  At best, Plaintiff has identified non-actionable statements of pure opinion

15  that cannot support claims under the UCL or CLRA.  *In re Sony Grand Wega KDF-E A10/A20*

16  *Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1089 (S.D. Cal. 2010)

17  (concluding that statements regarding the "high" or "superior" quality of a product constitute non-

18  actionable puffery and cannot support a claim under the UCL or CLRA); *Oestreicher v.*

19  *Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008) (statements regarding a product

20  being "faster, more powerful, and more innovative" with "higher performance" are "non-

21  actionable puffery"); *Annunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1140 (C.D. Cal. 2005)

22  ("quality," "reliability," "performance," and the "latest technology" are not actionable);

23  *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1361 (2003) (satellite

24  system will provide "crystal clear digital" video or "CD quality" audio held to constitute puffery).

25                      **3.**      **Plaintiff Does Not Allege Any Actionable Omission**

26          Plaintiff has not alleged any actionable omission in support of her CLRA or UCL claims.

27  To be actionable, an omission must be "contrary to a representation actually made by the

28  defendant, or an omission of a fact the defendant was obliged to disclose." *Baltazar v. Apple*,

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-cv-02269 LHK
la-1256512

10

1    *Inc.*, No. CV-10-3231-JF, 2011 WL 588209, at *4 (N.D. Cal. Feb. 10, 2011) (quoting *Daugherty*

2    *v. Am. Honda Motor Co. Inc.*, 144 Cal. App. 4th 824, 835 (2006)); *Wilson v. Hewlett-Packard*

3    *Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012) ("California courts have generally rejected a broad

4    obligation to disclose . . . ."). Rule 9(b) applies with equal force to alleged omissions. *Kearns*,

5    567 F.3d at 1127 (because "nondisclosure is a claim for misrepresentation in a cause of action for

6    fraud, it . . . must be pleaded with particularity under Rule 9(b)"). Plaintiff has pled no omissions

7    that satisfy these requirements.

8                      **a.        No Representation in Need of Correction**

9            As discussed above, Plaintiff does not allege any specific misrepresentations by Apple

10   and, thus, cannot point to any representation in need of correction. To the extent she seeks to rely

11   on Apple's purported, unspecified statements "touting" the "superior attributes and enhanced

12   benefits" of iMessage and Messages, those statements are general, non-actionable representations

13   that Plaintiff herself never claims are untrue, let alone in need of correction.

14           Even if Plaintiff could identify a representation by Apple she believed was in need of

15   correction, she does not point to any representation that *she* saw, heard, or reviewed. The law

16   requires Plaintiff to at least make this minimal showing. *In re Facebook PPC Adver. Litig.*, No.

17   5:09-3043-JF, 2010 WL 3341062, *10 (N.D. Cal. Aug. 25, 2010) ("Plaintiffs still should be able

18   to identify with particularity at least the specific policies and representations that they reviewed.")

19   (citation omitted). Her inability to do so is fatal.

20                     **b.        No Obligation to Disclose**

21           Plaintiff can point to no other basis for requiring Apple to disclose facts regarding

22   iMessage or Messages. "California courts have generally rejected a broad obligation to disclose."

23   *Wilson*, 668 F.3d at 1141. As the Ninth Circuit has held, an obligation to disclose arises only

24   when the alleged "defect" relates to a "safety issue." *Id.* Plaintiff makes absolutely no

25   allegations about any safety issues she faced.

26

27

28

1

#### 4.  Plaintiff Does Not Allege Reliance

2

###### a.  Plaintiff Cannot Have Relied on an Unidentified, Theoretical Misrepresentation That Could Have Only Been Made after She Purchased Her iPhone

3

4   Plaintiff must plead *actual* reliance on an allegedly deceptive or misleading statement as

5   part of her UCL claim.  *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 326 (2011).  The CLRA

6   similarly requires that a violation "cause[] or result[] in some sort of damage."  *Meyer v. Spring*

7   *Spectrum, L.P.*, 45 Cal. 4th 634, 641 (2009).  Because she does not identify a misrepresentation,

8   Plaintiff cannot meet her pleading burden.

9   Plaintiff does not allege a specific misrepresentation so, of course, she cannot allege that

10   she saw, heard, or was somehow exposed to any specific misrepresentation.  This deficiency is

11   fatal to Plaintiff's CLRA and UCL claims.  *See Durell*, 183 Cal. App. 4th at 1363 ("The SAC

12   does not allege Durell relied on either Sharp's Web site representations or on the language in the

13   Agreement for Services . . . .  Indeed, the SAC does not allege Durell ever visited Sharp's Web

14   site or even that he ever read the Agreement for Services."); *Laster v. T-Mobile USA, Inc.*, 407 F.

15   Supp. 2d 1181, 1194 (S.D. Cal. 2005) (dismissing UCL claim where "none of the named

16   Plaintiffs allege that they saw, read, or in any way relied on the advertisements").

17   As discussed above, the timing set forth in Plaintiff's allegations make her

18   misrepresentation claim simply impossible.  Because iMessaging did not exist in the market when

19   Plaintiff purchased her iPhone, she could not have relied on any representations about

20   iMessaging.  By definition, post-sale representations cannot induce a sale because the sale has

21   already been made.  *See Hensley-Maclean v. Safeway, Inc.*, No. CV 11-01230 RS, 2014 WL

22   1364906, at *6 (N.D. Cal. Apr. 7, 2014) (dismissing CLRA claim because plaintiff only alleged

23   misrepresentations after the time of sale, and stating that "the CLRA only applies to

24   representation and omissions that occur during pre-sale transactions"); *Baba v. Hewlett-Packard*

25   *Co.*, No. C 09-05946 RS, 2011 WL 2486353, at *5 (N.D. Cal. June 16, 2011) (noting that

26   "plaintiffs have not sufficiently alleged that they relied on any of HP's statements or omissions in

27   purchasing the computers" where plaintiffs alleged that the defendant made misleading

28   statements only after the sale transaction.  "This behavior is irrelevant to the question of whether

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-CV-02269 LHK
la-1256512

12

HP made false statements to plaintiffs before or during their respective transactions which induced them to purchase the computers.").

### b.   Conclusory Allegations of Reliance Are Insufficient

Plaintiff makes the conclusory allegation that she "and the putative class members would not have downloaded" the Messages application, "or would not have purchased an iPhone or other Apple device in the first instance" had they "been informed by Apple that iMessage would work in such a fashion so as to prevent them from receiving text messages, once they switched their Apple devices to non-Apple devices." (Compl. ¶ 16.)  This bare assertion is not enough. "[M]ere assertions of reliance" have been repeatedly dismissed for failure to satisfy Rule 9(b). *Baltazar*, 2011 WL 588209, at *3 (dismissing CLRA and misrepresentation claims because "the mere assertion of 'reliance' is insufficient" and requiring plaintiffs to "allege the specifics of [their] reliance on the misrepresentation to show a bona fide claim of actual reliance") (citation omitted); *In re iPhone 4S Consumer Litig.*, No. C 12-1127 CW, 2013 WL 3829653, *12-13 (N.D. Cal. July 23, 2013) (dismissing UCL and CLRA claims because plaintiffs did not "allege with specificity which commercials or other misleading advertisements they each relied upon in purchasing their devices."); *Herrington*, 2010 WL 3448531, at *7, *11 (dismissing UCL, CLRA, and misrepresentation claims where plaintiffs pleaded neither "the circumstances in which they were exposed to these [allegedly false or misleading] statements" nor "upon which of these misrepresentations they relied in making their purchase").  The same result is warranted here.

### B.   Plaintiff Does Not Otherwise State a Claim under California's Unfair Competition Law

The UCL provides that "unfair competition includes any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ."  Cal. Bus. & Prof. Code § 17200.  "Although the unfair competition law's scope is sweeping, it is not unlimited."  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).

### 1.   Plaintiff Does Not Allege a Predicate "Unlawful" Act

An "unlawful" practice or act under the UCL is "anything that can properly be called a business practice and that at the same time is forbidden by law."  *People v. McKale*, 25 Cal. 3d

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-cv-02269 LHK
la-1256512

13

1  626, 634 (1979) (citation omitted).  The UCL thus "borrows" violations of other laws and treats

2  them as unlawful practices that are independently actionable under the statute.  *Farmers Ins.*

3  *Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992).  Courts routinely dismiss UCL claims where

4  the plaintiff has not established a predicate violation of underlying law.  *See*, *e.g.*, *Indep. Cellular*

5  *Tel., Inc. v. Daniels & Assocs.*, 863 F. Supp. 1109, 1118 (N.D. Cal. 1994).

6        Plaintiff bases her claim under the "unlawful" prong of the UCL on a CLRA violation and

7  on her tortious interference with contract claim.  (Compl. ¶ 48.)  As discussed above and below,

8  Plaintiff has not stated a viable predicate claim under the CLRA or for tortious interference with

9  contract, and therefore cannot plead an "unlawful" act under the UCL.  *Daugherty v. Am. Honda*

10  *Motor Co.*, 144 Cal. App. 4th 824 (2006) (dismissing UCL claim for lack of a violation of statute

11  or other law); *Hodges v. Apple Inc.*, No. 13-CV-01128-WHO, 2013 WL 4393545, at *6 (N.D.

12  Cal. Aug. 12, 2013) ("Because Hodges fails to plead with particularity how Apple violated any

13  statute, he also fails to adequately plead a violation under the UCL's 'unlawful' prong.").

14  Plaintiff cannot maintain a claim under the UCL's "unlawful" prong.

15                  **2.**      **Plaintiff Has Not Pled Any "Unfair" Acts under the UCL**

16        Plaintiff claims that Apple's purported conduct is "unfair" within the meaning of the UCL

17  because it "disincentivize[s]" users from switching to a non-Apple device and, therefore,

18  threatens to harm competition in its incipiency."  (Compl. ¶ 49.)  Although the UCL does not

19  define the term "unfair," California courts have developed at least two possible tests for

20  "unfairness" within the meaning of the statute.[2]  *See Herskowitz v. Apple Inc.*, 940 F. Supp. 2d

21  1131, 1145 (N.D. Cal. 2013).  Plaintiff's allegations satisfy neither.

22        Under the first test, Plaintiff must allege that Apple's purported conduct violated a public

23  policy that is "tethered" to specific constitutional, regulatory, or statutory provisions.  *Id.* at 1145.

24  Courts require this "tethering" because "[c]ourts may not simply impose their own notions of the

25  day as to what is fair or unfair."  *Cel-Tech*, 20 Cal. 4th at 182, 185.  Plaintiff does not purport to

26             [2] As this Court noted in *Herskowitz*, the Ninth Circuit has rejected a third, multipronged

27  test contained in the Federal Trade Commission Act as inapplicable in the consumer context.
   *Herskowitz*, 940 F. Supp. 2d at 1146 n.6.

28

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-cv-02269 LHK
la-1256512

14

1   base her claim under the unfair prong on a public policy.  Even if she did, Plaintiff has not

2   identified any policy tethered to any specific legal provision.

3          The second test "examines whether the challenged business practice is 'immoral,

4   unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court

5   to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged

6   victim." *Herskowitz*, 940 F. Supp. 2d at 1145-46; *Drum v. San Fernando Valley Bar Ass'n*, 182

7   Cal. App. 4th 247, 257 (2010) (citation and internal quotation marks omitted).  Plaintiff admits

8   that iMessage provides a ***benefit*** to consumers by allowing users to transmit text messages

9   without incurring SMS charges.  (Compl. ¶ 12.)  Balanced against this indisputable benefit,

10  Plaintiff has not identified any conduct by Apple that is "immoral, unethical, oppressive,

11  unscrupulous or substantially injurious to consumers."  Nor does Plaintiff explain how any

12  amorphous "threat" to "competition in its incipiency" can be a cognizable harm under the UCL.

13  To the extent Plaintiff's claims of substantial injury are based on alleged misrepresentations or

14  omissions, as discussed above, Plaintiff has not pled any that are actionable, that she relied on,

15  and that caused her injury.  Especially in light of the significant benefit that iMessaging offers,

16  Plaintiff's "unfairness" claim cannot survive.

**C.      Plaintiff Cannot State a Claim under California's Consumers Legal Remedies Act**

**1.      Because iOS 5, Messages, and iMessage Were Free, There Was Necessarily No "Sale or Lease"**

20         Plaintiff does not allege that she purchased iOS 5, Messages, or iMessage.  In fact, they

21  were available for free.  A free download is not a "sale or lease" within the meaning of the

22  CLRA.  *See Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal. App. 4th 949, 960 (2005) (plaintiff

23  did not engage in a transaction covered by the CLRA where she received an engagement ring as a

24  gift from her fiancé); *cf. Berry*, 147 Cal. App. 4th at 229 n.2 (questioning whether obtaining an

25  American Express card is a "purchase or lease" for purposes of the CLRA).

26         In *Wofford v. Apple Inc.*, No. 11-CV-0034 ABJ NLA, 2011 WL 5445054, at *2 (S.D. Cal.

27  Nov. 9, 2011) plaintiffs claimed that defendant violated the CLRA by fraudulently inducing them

28  into downloading and installing iOS 4 on their iPhones.  *Id.*  The court dismissed plaintiffs'

1    CLRA claim finding that, among other things, "the *free* download of iOS 4 on Plaintiffs' []

2    iPhone does not meet the CLRA's 'sale or lease' requirement."  *Id.*  The court continued that

3    "[p]laintiffs' original purchase of the iPhone is a separate transaction from their free upgrade of

4    the iPhone's operating system, which occurred about a year later.  The iPhone's software upgrade

5    was not intended to result in a 'sale or lease' because it was provided free of charge."  *Id.*  Here,

6    as in *Wofford*, Plaintiff has no CLRA claim because she cannot plead facts establishing that her

7    download of free iOS 5 software, which included iMessage, constituted a "sale or lease."

8                     **2.      Plaintiff Does Not Allege a Misrepresentation "At or Before
                              Time of Sale"**
9

10              To state a viable CLRA claim, Plaintiff must allege that Apple made a misrepresentation

11   at or before the time she purchased her iPhone 4.  *See Kowalsky v. Hewlett-Packard Co.*, 771 F.

12   Supp. 2d 1138, 1152 (N.D. Cal. 2010), *vacated in part on other grounds by* 771 F.Supp.2d 1156

13   (N.D.Cal.2011) ("[A] misrepresentation made by HP after Plaintiff purchased his printer would

14   not support liability under the CLRA[.]"); *Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS,

15   2011 WL 317650, at *2 (N.D. Cal. Jan. 28, 2011) (the viability of a CLRA claim "depends solely

16   on [plaintiff's] contention that [defendant] made false statements . . . prior to his purchase.").

17              As discussed above, Plaintiff's allegations establish that Apple could not have made a

18   misrepresentation or actionable omission at or before the time Plaintiff purchased her iPhone 4.

19   (*See* Compl. ¶¶ 5-6.)  Plaintiff's inability to assert an actionable misrepresentation or omission

20   that she relied upon in connection with her purchase of her iPhone 4 defeats her CLRA claim.

21                     **3.      The CLRA Does Not Apply to Software**

22              The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or

23   practices undertaken by any person in a transaction intended to result or which results in the sale

24   or lease of goods or services to any consumer[.]"  Cal. Civ. Code § 1770(a).  Courts have the

25   power to determine, at the earliest stages of the litigation, whether, as a matter of law, a CLRA

26   claim fails to state a cause of action.  *See Freeman v. Wal-Mart Stores, Inc.*, 111 Cal. App. 4th

27   660, 668-69 (2003) (affirming demurrer with respect to CLRA claim).

28              Plaintiff's CLRA claim is deficient as a matter of law.  Software and software applications

are not "goods" or "services" covered by the CLRA.  *Ferrington v. McAfee, Inc.*, No. 10-CV-01455-LHK 2010 WL 3910169, at *14 (N.D. Cal. Oct. 5, 2010) (holding that "California law does not support Plaintiffs' contention that software is a tangible good or a service for purposes of the CLRA, and therefore the CLRA does not apply to the transactions at issue in this case"); *In re iPhone Application Litig.*, No. 11-MD-002250-LHK, 2011 WL 4403963, at *10 (N.D. Cal. Sept. 20, 2011) (concluding that software is neither a good nor a service within the meaning of the CLRA, and noting that "to the extent Plaintiffs' allegations are based solely on software, Plaintiffs do not have a claim under the CLRA").[3]  Plaintiff repeatedly admits that iMessage worked through its client software "*application*," Messages, and was a feature of Apple's iOS 5 *software*.  (*See, e.g.*, Compl. ¶¶ 1 (iMessage and Messages "were part of Apple's software operating system"), 11 ("Apple's software on Apple iPhone and iPad wireless devices would employ iMessage and Messages").)  In *Wofford*, 2011 WL 5445054, at *2, the court dismissed the plaintiffs' CLRA claim based on the same iOS operating system at the core of Plaintiff's claims here because Apple's operating system is software not covered by the CLRA.  Plaintiff's CLRA claim must be dismissed.

## VI.   PLAINTIFF'S TORTIOUS INTERFERENCE WITH CONTRACT CLAIM SHOULD BE DISMISSED

Under California law, a claim for tortious interference with contract requires "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."  *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 979 (N.D. Cal. 2013) (citing *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55 (1998)).  "The mere allegation that [defendant] purposefully and intentionally interfered with a contract, without any factual support … does not satisfy the requirements for stating a claim for tortious

---

[3] Courts interpreting the CLRA "have not expanded it beyond its express terms" and have narrowly construed the phrase "goods or services."  *See Berry v. Am. Exp. Publ'g, Inc.*, 147 Cal. App. 4th 224, 229, 232 (2007).

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-cv-02269 LHK
la-1256512

17

1    interference with contractual relations."  *Wynn v. NBC*, 234 F. Supp. 2d 1067, 1122 (C.D. Cal.

2    2002).

3              Plaintiff cannot assert a claim for intentional interference with contract.  Although

4    Plaintiff generally alleges that she had a contract with her wireless carrier, she does not allege any

5    facts sufficient to identify the specific terms of any particular agreement(s) that were breached by

6    Apple's alleged interference.  *Image Online Design, Inc. v. Internet Corp. for Assigned Names &*

7    *Numbers*, No. CV 12-08968 DDP (JCX), 2013 WL 489899, at *9 (C.D. Cal. Feb. 7, 2013)

8    (dismissing interference claim where plaintiff "has not alleged any facts identifying the particular

9    contracts, the actual disruption of these contracts, or any actual damage to IOD….[Plaintiff]

10   cannot simply allege that [defendant] has interfered with its business model").

11             Nor does Plaintiff allege any facts demonstrating Apple's knowledge regarding the

12   specific terms of Plaintiff's particular contract with her wireless carrier.  To prevail on a tortious

13   interference claim, a plaintiff must do more than allege that defendant had "generalized

14   knowledge that plaintiff was a party to contracts" with a third party.  *Trindade v. Reach Media*

15   *Grp., LLC*, No. 12-CV-4759-PSG, 2013 WL 3977034, at *15-16 (N.D. Cal. July 31, 2013);

16   *Jewelry 47, Inc. v. Biegler*, No. 2:08-CV-00174-MCE-KJM, 2008 WL 4642903, at *3-4 (E.D.

17   Cal. Oct. 16, 2008) (dismissing interference claim where plaintiff merely alleged that defendant

18   "[knew] full well and had reason to know that [P]laintiff entered into an agreement with

19   [Defendant]," and finding that plaintiff's "allegation is merely a conclusory recitation of a

20   required element of this cause of action.")  Plaintiff's complaint contains none of the required

21   specifics regarding Apple's knowledge of specific contracts and the details of such contracts.

22   *Trindade*, 2013 WL 3977034, at *15-16.

23             Even if Plaintiff could identify the particular contractual term(s) she claims are at issue,

24   Plaintiff does not allege any "specific breach" by her wireless carrier, as she is required to do.

25   *Image Online Design*, 2013 WL 489899, at *9.  Plaintiff does not, and cannot, allege that her

26   carrier contractually guaranteed that Plaintiff would receive every text message a third party

27   attempted to send to her, including any message transmitted as an iMessage to a non-

28   iMessageable phone.  (*See* Compl. ¶ 36.)  Absent a contractual provision that was breached,

APPLE'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 5:14-cv-02269 LHK
la-1256512

18

1  Plaintiff's tortious interference claim fails.

2      Finally, Plaintiff does not allege any intentional actions undertaken by Apple that were

3  intended to induce Plaintiff's wireless carrier to breach its agreement with Plaintiff. *name.space,*

4  *Inc. v. Internet Corp. for Assigned Names & Numbers*, No. CV 12-8676 PA (PLAx), 2013 WL

5  2151478, at *8 (C.D. Cal. Mar. 4, 2013) (dismissing tortious interference cause of action for

6  failure to state a claim because "the Complaint does not allege any intentional actions undertaken

7  by [defendant] designed to induce breach of Plaintiff's contracts with its clients or any

8  evidentiary facts, as opposed to conclusory allegations, of actual breach or disruption and

9  resulting damage."). Indeed, such an assertion would be implausible — Apple, as a mobile

10  device manufacturer, relies on the service provided by the wireless carriers to its customers.

11  Apple has no interest in inducing a breach of the carrier-customer contractual relationship that

12  provides an important functionality for its mobile phones.

13      **VII.   CONCLUSION**

14      For the foregoing reasons, Apple respectfully requests that the Court dismiss Plaintiff's

15  claims pursuant to Rule 12(b)(1) and Rule 12(b)(6) with prejudice.

16

17  Dated: July 24, 2014          DAVID M. WALSH
                                  TIFFANY CHEUNG
18                                KAI S. BARTOLOMEO
                                  MORRISON & FOERSTER LLP

19

20                                By:  /s/ David M. Walsh
                                       _____
21                                     DAVID M. WALSH

22                                     Attorneys for Defendant
                                       APPLE INC.

23

24

25

26

27

28