UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADRIENNE MOORE,<br><br>　　　　　　Plaintiff,<br>　　v.<br>APPLE INC.,<br>　　　　　　Defendant. | Case No. 5:14-cv-02269-LHK<br><br>**ORDER DENYING MOORE'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND GRANTING APPLE'S MOTION FOR A PROTECIVE ORDER**<br><br>**(Re: Docket Nos. 44, 45)** |
| ADAM BACKHAUT, et al.,<br><br>　　　　　　Plaintiffs,<br>　　v.<br>APPLE INC.,<br>　　　　　　Defendant. | Case No. 5:14-cv-02285-LHK<br><br>**ORDER DENYING MOORE'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND GRANTING APPLE'S MOTION FOR A PROTECIVE ORDER**<br><br>**(Re: Docket Nos. 42, 43)** |

The central dispute in Plaintiff Adrienne Moore and Defendant Apple Inc.'s cross-motions for protective order is what restrictions should apply to experts retained by Moore. Apple urges a ban on consulting for a list of 60 Apple competitors[1] for a period of 2 years after the close of expert discovery or during the pendency of the proceedings, whichever is shorter, as a condition of access to Apple documents designated "Confidential" or "Highly Confidential." Moore objects, arguing that she will not be able to retain any expert if the expert would essentially be precluded from

---

[1] The parties have already stipulated to the entities included on this list.

1
Case Nos. 5:14-cv-02269-LHK; 5:14-cv-02285-LHK
ORDER DENYING MOORE'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND
GRANTING APPLE'S MOTION FOR A PROTECTIVE ORDER

finding other work in the relevant field for such an extended period of time. Moore proposes a provision that would prohibit the expert from being an employee, officer or director of one of the 60 competitors but would still allow him to consult for any of those competitors.

On balance, the court is persuaded that Apple has the better of the argument. In support of her position, Moore cites to the protective order entered in *Apple v. Samsung*—which is identical to what Moore proposes here.[2] While it is true that both parties in that case agreed to such language, this case is distinguishable. There, both parties possessed substantial volumes of highly confidential and proprietary information and thus had a mutual interest in preventing improper use. Not so here. Further, this case is more in line with the consumer class actions in which Apple's proposed language was ultimately adopted.[3] Because Moore has given no indication that an expert would in fact decline to opine on her behalf as a result of Apple's proposed language and because Apple has represented that in the event this speculative concern materializes Moore could negotiate a modification to the protective order as to the retention of a specific expert, Apple's request is more reasonable.

Apple's motion for protective order is GRANTED. Moore's is DENIED.

**SO ORDERED.**

Dated: May 1, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[2] Case No. 11-cv-01846, 2012 WL 10817203, at *4-5 (N.D. Cal. Jan. 30, 2012).

[3] *See, e.g., Herskowitz, et al. v. Apple Inc.*, Case Nos. 12-cv-02131, 12-cv-03124, Docket No. 61, ¶ 8.6 (Apr. 23, 2013) (requiring expert to agree "that he or she will not accept employment with, consult with, or provide services to, any of the entities identified on the Restricted Competitors List during the pendency of the Expert's retention in these proceedings"); *In re iPhone Application Litig.*, Case No. 11-mdl-02250, Docket No. 89, ¶ 8.6 (N.D. Cal. Aug. 13, 2012) (requiring expert to agree that "he or she will not accept employment with, consult with, or provide services to, a competitor of a Party during the pendency of these proceedings"); *In re MagSafe Apple Power Adapter Litig.*, 09-cv-01911, Docket No. 55, ¶ 7.5(a) (N.D. Cal. Feb. 12, 2010) (requiring expert to agree "that he or she will not accept employment with, consult with, or provide services to, any of the entities identified on Exhibit B during the pendency of these proceedings").