1  DAVID M. WALSH (CA SBN 120761)
   DWalsh@mofo.com
2  KAI S. BARTOLOMEO (CA SBN 264033)
   KBartolomeo@mofo.com
3  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
4  Los Angeles, California  90017-3543
   Telephone: 213.892.5200
5  Facsimile: 213.892.5454

6  TIFFANY CHEUNG (CA SBN 211497)
   TCheung@mofo.com
7  MORRISON & FOERSTER LLP
   425 Market Street
8  San Francisco, California  94105-2482
   Telephone:  415.268.7000
9  Facsimile:  415.268.7522

10 Attorneys for Defendant
   APPLE INC.
11
   ROY A. KATRIEL (CA SBN 265463)
12 rak@katriellaw.com
   THE KATRIEL LAW FIRM
13 4225 Executive Square, Suite 600
   La Jolla, California 92037
14 Telephone:  858.242.5642
   Facsimile:  858.430.3719
15
   Attorneys for Plaintiff
16
   ADRIENNE MOORE
17

18                   UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT OF CALIFORNIA

20                          SAN JOSE DIVISION

21

| 22 | ADRIENNE MOORE, On Behalf of Herself and All Others Similarly Situated, | Case No.    5:14-cv-02269 LHK |
|---|---|---|
| 23 |  | **RENEWED JOINT ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| 24 | Plaintiff, |  |
| 25 | v. | Ctrm:    5 — 4th Floor |
| 26 | APPLE INC., | Magistrate Judge:   Hon. Paul S. Grewal |
| 27 | Defendant. | Complaint Filed:   May 15, 2014<br>Trial Date:            May 9, 2016 |
| 28 |  |  |

Pursuant to Civil L.R. 7-11 and 79-5, the Protective Order (ECF No. 108), the Court's August 20, 2015 Order Re Renewed Sealing Motions (ECF No. 130), the Court's October 13, 2015 Order Granting-in-Part and Denying-in-Part Sealing Motions and Setting Procedures for Sealing Motions (ECF No. 136), and the Court's November 24, 2015 Order Denying Motion to Seal Re: Docket No. 77 (ECF No. 159), Plaintiff Adrienne Moore and Defendant Apple Inc. ("Apple") (collectively, "the Parties") respectfully and jointly file this Renewed Motion to Seal Documents Re: Plaintiff's Opposition to Apple Inc.'s Motion to Compel and For Sanctions. (ECF Nos. 76, 77.) The parties make this joint submission, as required by the Court's October 13, 2015 Order Granting-in-Part and Denying-in-Part Sealing Motions and Setting Procedures for Sealing Motions (ECF No. 136 at 5:9-14).

**Apple's Statement**

On November 24, 2015, the Court denied Plaintiff's administrative motion to seal in their entirety certain documents submitted in connection with her Opposition to Apple's Motion To Compel And For Sanctions. (*See* ECF Nos. 77, 159.) The Court denied Plaintiff's request to seal in their entirety three documents attached to the declaration of her counsel: (1) Exhibit 1 to the Declaration of Roy Katriel ("Katriel Declaration") (Plaintiff's Expert Declaration of Dr. Matthew D. Green (ECF No. 76-2)); (2) Exhibit 2 to the Katriel Declaration (Plaintiff's Expert Declaration of Dr. Mark J. Dwyer (ECF No. 76-3)); and (3) Exhibit 18 to the Katriel Declaration (Apple restricted competitors list, which was provided to opposing counsel separately and designated as confidential by Apple under the parties' Protective Order (ECF No. 79-19)). The Expert Declarations of Dr. Matthew D. Green and Dr. Mark J. Dwyer have been the subject of two other motions to seal filed in this action. (*See* ECF Nos. 56, 116, 122.) After considering those motions and the supporting declarations, the Court granted the motions to seal portions of the Green and Dwyer Expert Declarations, and redacted versions of those documents have been publicly filed in accordance with the Court's Orders. (ECF No. 140-9, 140-11.) By this renewed motion, Apple has narrowly tailored its sealing requests and respectfully requests that the Court maintain the redactions and sealing that have been approved in the Court's other orders. Pursuant to L.R. 79-5(f)(3), Apple respectfully requests that the Court seal the three aforementioned

documents pursuant to the selective redactions set forth below.

The presumption of access to judicial records does not apply here because the documents at issue are being filed in connection with a non-dispositive motion, *see In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012), and therefore, the appropriate legal standard is "good cause," which Apple respectfully submits is satisfied. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing will suffice to seal documents produced in discovery. Fed. R. Civ. P. 26(c) (stating that if 'good cause' is shown in discovery, a district court may issue 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense')."); *see also* ECF No. 112 and 159 (applying the good cause standard to the documents discussed herein).

That standard is met here, because, as discussed in the concurrently-filed Declaration of Scott B. Murray ("Murray Decl."), certain of these documents (or portions thereof) reflect confidential information regarding Apple's internal policies and customer service procedures, and relationships with third parties. (Murray Decl. ¶¶ 3-7, 9-15.)

### A. The Court Has Previously Ruled On The Final Sealing Disposition For Plaintiff's Expert Reports With Prejudice.

On May 14, 2015, Plaintiff filed her Motion For Class Certification. (ECF No. 55.) Plaintiff also filed an administrative motion to seal portions of that motion and supporting exhibits, including the expert reports of Matthew Green, Ph.D. and Mark J. Dwyer, Ph.D. (ECF No. 56.) On May 29, 2015, Apple filed a motion to compel and for sanctions related to Plaintiff's disclosure to its experts of Apple's confidential information without complying with certain terms of the protective order. (ECF No. 67.) On June 8, 2015, Plaintiff submitted her opposition to Apple's Motion to Compel and For Sanctions. (ECF No. 76.) Plaintiff attached as exhibits to that motion the Green and Dwyer expert reports—the identical reports Plaintiff previously attached to her motion for class certification. (*Id.*) On June 10, 2015, the Court granted the motion to compel in part and ordered those portions of Plaintiff's expert reports that referred to confidential information disclosed in violation of the Protective Order to be stricken.

1  (ECF No. 78.)  On June 15, 2015, Plaintiff submitted corrected versions of those reports under
2  seal.  (*See* ECF No. 83.)

3  On August 4, 2015, the Court denied the parties' motions to seal without prejudice,
4  including those relating to the Green and Dwyer reports.  (ECF No. 112.)  On August 11, 2015,
5  both parties submitted revised declarations and renewed motions to seal.  The Amended
6  Declaration of Scott B. Murray on Behalf of Apple Inc. In Support of Plaintiffs' Administrative
7  Motion to File Documents Under Seal set forth Apple's good cause for sealing certain portions of
8  the Green and Dwyer expert reports and attached revised redacted versions of those reports with
9  narrowly tailored redactions, per the Court's August 4, 2015 Order.  (ECF No. 116.)   That
10 Declaration (without its accompanying exhibits) is attached to the Declaration of David M. Walsh
11 In Support of Renewed Joint Administrative Motion to File Documents Under Seal ("Walsh
12 Decl.") as **Exhibit A**.  (Walsh Decl. ¶ 5, Exhibit A.)   Plaintiffs' Renewed and Amended Motion
13 to Seal also supported Apple's revised redactions of the reports.  (ECF No. 122.)   In addition,
14 third parties AT&T Mobility ("AT&T) and Google Inc. submitted motions and declarations in
15 support of sealing certain of their documents and information used in connection with Plaintiff's
16 Motion for Class Certification, including documents referenced in Plaintiff's expert reports.
17 (AT&T: ECF No. 123; Google: ECF No. 118.)

18  On August 20, 2015, the Court granted in part and denied in part the parties' amended
19 sealing motions.  (ECF No. 130.)  That order included a final disposition with prejudice regarding
20 the sealing of the Green and Dwyer expert reports.  (*Id*. at p. 7 addressing Murray Declaration,
21 Exhibits G and H.)  On October 16, 2015, Apple filed final versions of revised redacted
22 documents pursuant to the Court's August 20, 2015 Order, with the expert reports as Exhibits F
23 and G.  (ECF No. 140-9 and 140-11.)   Those final redacted versions of the Green and Dwyer
24 expert reports are attached to the Murray Declaration as **Exhibits A and B**. (Murray Decl. ¶ 8,
25 Exhibits A-B.)  Here, Apple seeks to maintain the sealing of the selected portions of those reports
26 that discuss confidential Apple and third-party material, including discussions in Katriel Exhibit 2
27 of Apple's confidential protocol regarding iMessage, implemented with third-party wireless
28 providers, that the Court has consistently allowed to be sealed throughout the case.  (Murray

Decl. ¶¶ 3-8; see Court Orders at ECF Nos. 130, 158.)  Third-party AT&T also has filed a motion for reconsideration of the Court's sealing order requesting that the same redactions be made to the Green and Dwyer expert reports that were previously approved by Judge Koh.  (ECF No. 161.)  Apple thus respectfully re-submits those reports with the redactions as ordered by the Court and requests that in the interest of consistency between the Court's orders and to protect the confidential information of Apple and of third parties, the Court accept the revised redacted versions attached to the Murray Declaration as Exhibits A and B.

### B.   Apple's Restricted Competitors List Contains Confidential Information.

One of the key functions of the Protective Order is that it prohibits the Plaintiff from sharing confidential Apple information with experts or consultants who were, are, or might become, employees of Apple competitors.  The Protective Order also restricts such persons from working for restricted competitors as a condition of their receiving Apple's confidential information in connection with this litigation.

To make these restrictions meaningful, Apple must create a list of its competitors related to the technology at issue in this action.  As described in the Murray Declaration, numerous companies make and sell devices that compete with Apple's iOS devices (e.g., iPhone, iPad, and iPod) and iOS software, including iMessage (collectively, "iOS Technology").  (Murray Decl. ¶ 11.)  The Restricted Competitors List attached to the Protective Order is a narrowly-tailored and reasonable list of such competitors.  (*Id*.)  Prohibiting disclosure to current or potential employees of this list of competitors is a more reasonable and practical approach than listing every company that makes or sells a device that competes with the iOS Technology.  Limiting the list of restricted competitors in this way, however, results in a document that should be filed under seal.

Plaintiff's counsel signed the Protective Order, which provided that the Restricted Competitors List would be provided separately to counsel rather than publicly filed.  (ECF No. 108, ¶ 2.13.)  The Protective Order was signed by this Court on July 28, 2015.  (*Id*.)  In the interest of preserving the agreement between the parties, ensuring consistency with the Protective Order entered by this Court, and for the good cause discussed below, Apple requests that the

Court accept the redacted version of the Restricted Competitors List for public filing.  (Murray Decl. ¶ 16, Exhibit C.)

As demonstrated by the Murray Declaration, there is good cause to protect the information contained in the Restricted Competitors List from public disclosure.  The identities of the companies Apple lists as its competitors with regard to the iOS Technology at issue here is highly-sensitive, strategic business information.  (Murray Decl. ¶ 12.)  Disclosure of such information would harm Apple by providing Apple's competitors with insight into Apple's view of the market for such technology, providing them with an unfair advantage in a highly competitive business environment.  (*Id.*)

Moreover, the information in the Restricted Competitors List is non-public.  (Murray Decl. ¶ 13.)  Apple does not publicize this type of information, which was created for the claims at issue in this case.  (*Id.*)  *Cf. Oracle USA, Inc. v. SAP AG*, No. 07-CV-01658 PJH, 2009 U.S. Dist. LEXIS 71365, at *4-5 (N.D. Cal. filed Aug. 12, 2009) (granting motion to seal where declaration established that "Oracle [] considered and treated the information contained in the subject documents as confidential, commercially sensitive and proprietary, and that public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle").

This risk of harm to Apple outweighs any public interest in disclosure, to the extent one exists.  This action is a wholly private dispute between a private individual and Apple.  (*See* ECF No. 113, Aug. 4, 2015 Ord. Denying Mot. for Class Cert.)  There is no public interest in disclosure of the identities of those companies that Apple views as competitors with regard to the iOS Technology and the claims at issue in this case.  (Murray Decl. ¶ 14.)

Pursuant to Civil L.R. 79-5(a), Apple's request to file under seal is narrowly tailored.  The Protective Order itself was electronically filed and is otherwise available to the public.  Accordingly, in the interest of the agreement between the parties, consistency with the Protective Order entered by this Court, and for the good cause shown above, Apple requests that the Court accept the redacted version of the Restricted Competitors List for public filing.  (Murray Decl. ¶ 16, Exhibit C.)

**Plaintiff's Statement**

With respect to Exhibits 1 and 2 to the Katriel Declaration [Dkt. Nos. 77-3 and 77-4], these are Plaintiffs' expert reports that were filed under seal and subsequently re-filed in partially redacted form by Plaintiff in accordance with Judge Koh's Order.  Plaintiff filed these exhibits partially under seal solely because the redacted portions of these filings were matters or referenced documents that Apple had designated as either "Confidential" or "Highly Confidential" under the Stipulated Protective Order entered by the Court.  As to these documents, therefore, Plaintiff respectfully refers the Court to Apple's representations contained in this filing with respect to the documents' proposed sealing, redaction, or unsealing.   With respect to Exhibit 18 to the Katriel Declaration [Dkt. No. 77-5], this too was a document that Apple had designated as "Confidential" under the Stipulated Protective Order and Plaintiff filed the document under seal in order to comply with the terms of the Protective Order.  As to this document, Plaintiff takes no position on Apple's renewed Joint Motion to file it under seal.

**Conclusion**

For the foregoing reasons, the Renewed Motion to Seal should be granted.

Dated: December 1, 2015

DAVID M. WALSH
KAI S. BARTOLOMEO
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: */s/ David M. Walsh*
     DAVID M. WALSH

Attorneys for Defendant
APPLE INC.

| | | |
|---|---|---|
| 1 | Dated: December 1, 2015 | ROY A. KATRIEL<br>THE KATRIEL LAW FIRM |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Roy A. Katriel*<br>     ROY A. KATRIEL |
| 5 | | Attorneys for Plaintiff<br>ADRIENNE MOORE |

1  I, David M. Walsh, am the ECF user whose ID and password are being used to file this
2  Amended Joint Administrative Motion to File Documents Under Seal. In compliance with Civil
3  Local Rule 5-1(i)(3), I hereby attest that Roy A. Katriel has concurred in this filing

Dated: December 1, 2015          DAVID M. WALSH
                                 TIFFANY CHEUNG
                                 KAI S. BARTOLOMEO
                                 MORRISON & FOERSTER LLP


                                 By:  /s/ David M. Walsh
                                      DAVID M. WALSH

                                      Attorneys for Defendant
                                      APPLE INC.